**Opinion filed June 13, 2019**



**In The**

# Eleventh Court of Appeals

_____

## No. 11-18-00266-CR

_____

## BENNY VELA, Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 106th District Court**
**Dawson County, Texas**
**Trial Court Cause No. 17-7720**

## MEMORANDUM OPINION

Appellant, Benny Vela, originally pleaded guilty to the state jail felony offense of injury to a child. *See* TEX. PENAL CODE ANN. § 22.04(a)(3), (f) (West 2019). Pursuant to the terms of the plea agreement, the trial court deferred a finding of guilt and placed Appellant on community supervision for five years. The State subsequently filed an application to adjudicate Appellant's guilt. The trial court held a contested hearing on the State's motion to adjudicate, found the State's allegations to be true, revoked Appellant's community supervision, and adjudicated Appellant

guilty of the charged offense. The trial court assessed Appellant's punishment at confinement for eighteen months in a state jail facility and a fine of $500. We affirm.

Appellant's court-appointed counsel has filed a motion to withdraw. The motion is supported by a brief in which counsel professionally and conscientiously examines the record and applicable law and states that he has concluded that this appeal is frivolous and without merit. Counsel has provided Appellant with a copy of the brief, a copy of the motion to withdraw, an explanatory letter, and a copy of the clerk's record and the reporter's record. Counsel advised Appellant of his right to review the record and file a response to counsel's brief. Counsel also advised Appellant of his right to file a pro se petition for discretionary review in order to seek review by the Texas Court of Criminal Appeals. *See* TEX. R. APP. P. 68. Court-appointed counsel has complied with the requirements of *Anders v. California*, 386 U.S. 738 (1967); *Kelly v. State*, 436 S.W.3d 313 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008); and *Stafford v. State*, 813 S.W.2d 503 (Tex. Crim. App. 1991).

Appellant has not filed a pro se response to counsel's *Anders* brief. Following the procedures outlined in *Anders* and *Schulman*, we have independently reviewed the record, and we agree that the appeal is without merit. The State presented evidence in support of the allegations in its application to adjudicate, and Appellant even admitted that the State's allegations were all true. We note that proof of one violation of the terms and conditions of community supervision is sufficient to support revocation. *Smith v. State*, 286 S.W.3d 333, 342 (Tex. Crim. App. 2009). Furthermore, absent a void judgment, issues relating to an original plea proceeding may not be raised in a subsequent appeal from the revocation of community supervision and adjudication of guilt. *Jordan v. State*, 54 S.W.3d 783, 785–86 (Tex. Crim. App. 2001); *Manuel v. State*, 994 S.W.2d 658, 661–62 (Tex. Crim. App.

1999).  Based upon our review of the record, we agree with counsel that no arguable grounds for appeal exist.[1]

The motion to withdraw is granted, and the judgment of the trial court is affirmed.

PER CURIAM

June 13, 2019

Do not publish.  *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[2]

Willson, J., not participating.

---

[1]We note that Appellant has a right to file a petition for discretionary review pursuant to Rule 68 of the Texas Rules of Appellate Procedure.

[2]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.